# United States Court of Appeals for the Fifth Circuit

---

No. 25-50641
CONSOLIDATED WITH
No. 25-50645
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

March 16, 2026

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

EDMUNDO HERNANDEZ-AVILA,

*Defendant—Appellant*.

---

Appeals from the United States District Court
for the Western District of Texas
USDC Nos. 2:24-CR-42-1, 2:21-CR-2210-1

---

Before SMITH, HIGGINSON, and WILSON, *Circuit Judges*.
PER CURIAM:[*]

Edmundo Hernandez-Avila appeals following (i) his conviction and sentence under 8 U.S.C. § 1326(a), (b)(1) for illegal reentry into the United States (No. 25-50641) and (ii) the revocation of his term of supervised release and imposition of a sentence (No. 25-50645). Regarding his new conviction,

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 25-50641
c/w No. 25-50645

Hernandez-Avila argues that the statutory sentencing enhancement in § 1326(b) is unconstitutional. He does not raise any issue related to the revocation.

Hernandez-Avila concedes that his only argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), and he seeks to preserve it for possible Supreme Court review. The government moves for summary affirmance or, alternatively, for an extension of time to file its brief.

As Hernandez-Avila concedes, his argument is foreclosed. *See United States v. Pervis*, 937 F.3d 546, 553–54 (5th Cir. 2019); *see also Erlinger v. United States*, 602 U.S. 821, 838 (2024) (explaining that *Almendarez-Torres* "persists as a narrow exception permitting judges to find only the fact of a prior conviction" (internal quotation marks and citation omitted)). Summary affirmance is thus appropriate. *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

Accordingly, the motion for summary affirmance is GRANTED, the alternative motion for an extension of time is DENIED, and the judgments are AFFIRMED.